## FASTERLING v. DEVITT & SON CO. et al.
### No. 17056.

Court of Appeal of Louisiana. Orleans.

Feb. 6, 1939.

Edward P. Kleinert and Gerald Netter, both of New Orleans, for appellant.

L. H. Perez, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit for an accounting. The plaintiff, Mrs. Sarah B. Fasterling, alleges that Devitt & Son Company, a commercial co-partnership composed of Thomas D. Devitt and Matt Devitt, his son, and Thomas K. Devitt individually, agreed to pay her 1% "of all drafts with bills of lading attached" handled by the Hibernia Bank & Trust Company for account of Devitt & Son Company, in consideration of plaintiff executing a continuing guarantee in the sum of $5,000, in favor of the Hibernia Bank & Trust Company, guaranteeing the payment of all indebtedness of Devitt & Son Company up to the amount of the guarantee; that she executed and signed the guarantee on January 13, 1932 and that it remained in force for several years thereafter, but that notwithstanding repeated requests made by her she has been unable to obtain any account of the amount due her under the agreement. She further alleges that she is informed and believes that the aggregate amount of drafts handled by the Hibernia Bank & Trust Company for account of the defendant partnership, during the time the guarantee was in force, was in excess of $100,000, and that under the terms of her agreement she should be entitled to at least the sum of $1,000.

Defendants filed exceptions of no cause of action which were referred to the merits. They then filed an answer which was in effect a general denial.

After a trial upon the merits there was judgment below dismissing plaintiff's suit and she has appealed.

The defense, as presented in this Court in brief and in argument, is two-fold: First, that there was no partnership between Thos. K. Devitt and Matt Devitt, and, second, there was no contract because Mrs. Fasterling did not accept the offer made by Devitt & Son Company in the form in which it was made.

The first point raised by defendants involves a question of fact and counsel invokes the familiar rule to the effect that an appellate court will not reverse the finding of a trial court upon questions of fact unless manifestly erroneous. We recognize the force of this rule, but after giving the matter full consideration, we have reached the conclusion that our learned brother below was in error. The contract sued on is evidenced by a letter dated January 12, 1932, which reads as follows:

"In consideration of your guarantee to the Hibernia Bank & Trust Co. I promise and bind myself to pay you one per cent of all drafts with bills of lading attached. You have the right to withdraw your guarantee at any time you see fit."

"Devitt & Son Company,
"Thomas K. Devitt."

Matt Devitt is the son of Thomas K. Devitt. Thomas Devitt testified that his son had no interest in the business conducted by him and when questioned concerning the style of the partnership he replied that

he had assumed that trade name for the purpose of encouraging his son in the business. The stationery used by the partnership bore the names of Thomas K. Devitt and Matt Devitt and no others. Notwithstanding this, Thomas Devitt insists that his only partner in the business was Thomas Sasada, who had a one-third interest and he, the other two-thirds. When asked why Thomas Sasada's name was not on the letterhead, he answered that he did "not think it would add any weight to the concern".

Thos. Sasada testified that Thomas Devitt told him that the firm was composed of the two Devitts, father and son, and himself, in the proportion of one-third each.

Matt Devitt testified that he was a partner in a business conducted by his father at Pointe-a-la-Hache, but not in the firm of Devitt & Son Company, which was operated at Buras, and with respect to that business, as far as he knew, his father was the sole owner in 1931, 1932 and 1933, and that he supposed his name was carried on the stationery to make him feel good. He admits, however, that he signed checks for the firm in his father's absence.

Maury Humphreys, a bookkeeper, testified that so far as he knew there was no partnership during 1932 and 1933 and that the business was operated by Thomas Devitt alone.

Mrs. Fasterling, the plaintiff, testified that she believed that the firm was composed of Thomas K. and Matt Devitt because, when Thomas K. Devitt was asked by her lawyer who composed the firm, he replied "My son, Matt, and myself".

In the face of this testimony and in the absence of any showing by defendants concerning the distribution of partnership earnings, income tax returns, or other evidence to overcome the presumption that a partnership styled "Devitt & Son Company" would include the son as a member, and the fact that the son's name appears upon the stationery used by the firm, we are forced to the conclusion that the plaintiff is correct in her assertion that the partnership was composed of Thomas K. and Matt Devitt.

The second point raised by the defendants is based upon the contention that the letter, admittedly written by Thomas K. Devitt, contemplated an unlimited guarantee of any drafts with bills of lading attached, handled by the Hibernia Bank & Trust Company, and not a guarantee limited to $5,000. We do not consider this point well taken because, in the first place, the letter quite obviously refers to a previous understanding in regard to the guarantee, no details of which are mentioned in the letter, and for the further reason that during all the time in which Mrs. Fasterling's guarantee was in effect at the bank, no complaint was ever made in regard to its insufficiency or otherwise. Our conclusion is that the plaintiff is entitled to an accounting.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that plaintiff, Mrs. Sarah B. Fasterling, Widow of J. B. Fasterling, be recognized as entitled to one per cent of all drafts with bills of lading attached handled by the Hibernia Bank & Trust Company, for account of Devitt & Son Company, during the period in which her guarantee was in force, and that this cause be remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, for a full and final liquidation and settlement of accounts between the plaintiff, Mrs. Sarah B. Fasterling, Widow of J. B. Fasterling, and defendants, Devitt & Son Company, and Thomas K. Devitt and Matt Devitt, the individual members thereof, and Thomas K. Devitt, individually. The costs of Court to be paid by defendants-appellees.

Reversed and remanded.